## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SAVADORE URRUTIA, JR.,** | : | **CIVIL ACTION NO. 1:05-CV-0259** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **DIANE QUILL, et al.,** | : | |
| | : | |
| **Defendants** | : | |

### <u>MEMORANDUM</u>

Presently before the court is a motion (Doc. 9), filed by defendants Diane

Quill ("Quill"), Keith Wagner ("Wagner"), Richard Shaffer ("Shaffer"), and the

Commonwealth of Pennsylvania Department of General Services ("DGS"), to

dismiss the claims of plaintiff, Savadore Urrutia, Jr. ("Urrutia").  For the reasons

that follow, the motion will be granted in part and denied in part.

### I.    <u>Statement of Facts</u>[1]

On August 12, 2004, Urrutia was arrested at his home by defendants Quill

and Wagner, employees of the Commonwealth of Pennsylvania Capitol Police

Department.  Quill and Wagner mistakenly connected Urrutia to an incident

involving an unknown driver's failure to obey Quill's traffic commands and

---

[1] In accordance with the standard of review for a motion to dismiss, the court will present the facts as alleged in plaintiff's complaint. See FED. R. CIV. P. 12(b)(6); Empire Kosher Poultry, Inc. v. United Food & Comm'l Workers Health & Welfare Fund of N.E. Pa., 285 F. Supp. 2d 573, 577 (M.D. Pa. 2003).  The statements contained herein reflect neither the findings of the trier of fact nor the opinion of the court as to the reasonableness of the allegations of the complaint.

attempted assault of Wagner.  Urrutia was charged with aggravated assault,[2]

recklessly endangering another person,[3] and failure to obey an officer directing

traffic.[4]  All charges were dismissed at the preliminary hearing when Quill

misidentified Urrutia's father as the defendant.  Following the dismissal of the

charges, Quill and Wagner allegedly made several false and misleading statements

in a state court petition seeking permission to refile the charges before a different

judicial officer.  The petition was ultimately denied.  (See Doc. 6).

The instant action was commenced in February 2005.  The complaint sets

forth claims under Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C.

§ 2000e-2(a), claims under 42 U.S.C. § 1983 for alleged violations of Urrutia's Fourth,

Fifth, and Fourteenth Amendment rights, and claims of "official oppression,"

"gross negligence," and "malice."[5]  The complaint alleges that Quill and Wagner

acted without probable cause and subjected Urrutia to harassment and to "bogus

criminal charges."  It avers that defendants' actions were motivated by Urrutia's

race, and that Shaffer, as Director of Public Safety for the Commonwealth of

Pennsylvania, was responsible for and contributed to the violations by condoning

a "pattern, policy, custom and practice" of racial discrimination.  The complaint

---

[2]  18 PA. CON. STAT. § 2702.

[3]  18 PA. CON. STAT. § 2705.

[4]  75 PA. CON. STAT. § 3102.

[5]  Although the claims are titled in the complaint as Counts I-VI, the pleading makes no mention of a Count III.

also names as a defendant DGS which, according to the pleading, "appropriates funds and establishes the budget" for Shaffer and the Capitol Police Department. (See Doc. 6 ¶¶ 3-7).

Defendants filed the instant motion to dismiss, arguing that Urrutia has not alleged a violation of Title VII,[6] that DGS is immune from suit, that Quill and Wagner are entitled to qualified immunity, and that the state law claims of "malice," "gross negligence," and "official oppression" and are inapplicable and, in any event, barred by the Eleventh Amendment.

## II.   **Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of claims that fail to assert a basis upon which relief can be granted. FED. R. CIV. P. 12(b)(6). In the context of a motion to dismiss under Rule 12(b)(6), the court must accept as true all of the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom. Langford v. City of Atlantic City, 235 F.3d 845, 847 (3d Cir. 2000) (citing Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)). Although the court is generally limited in its review to the face of the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994); see also In re Burlington Coat Factory

---

[6] Plaintiff concedes that Title VII is inapplicable under the facts of this case. (See Doc. 20 at 4). Accordingly, defendant's motion to dismiss this claim will be granted.

Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice pleading rules do not require plaintiffs to allege affirmatively every aspect of their claims, but only to present sufficient facts to allow the opposing party to conduct discovery and prepare a defense.  See FED. R. CIV. P. 8(a) (stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief"); see also Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  Thus, courts should not dismiss a complaint for failure to state a claim unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Id.; see Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002).  Under this liberal pleading policy, courts should generally grant plaintiffs leave to amend their claims before dismissing a complaint that is merely deficient.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000).

## III.   Discussion

### A.      42 U.S.C. § 1983 Claims

Section 1983 of Title 42 of the United States Code offers private citizens a means to redress violations of federal law by state officials.  See 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Id. Section 1983 is not a source of substantive rights, but merely a method to vindicate violations of federal law committed by state actors. Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To establish a claim under this section, the plaintiff must show a deprivation of a "right secured by the Constitution and the laws of the United States . . . by a person acting under color of state law." Id. (quoting Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).

Satisfaction of these elements, however, does not guarantee recovery. Certain officials, including police officers and other state actors who perform "discretionary functions," are shielded from suit if their conduct did not violate a "clearly established statutory or constitutional right[] of which a reasonable person would have known." Saucier v. Katz, 533 U.S. 194, 200-01 (2001); Wilson v. Layne, 526 U.S. 603, 609 (1999). This doctrine, known as "qualified immunity," provides not only a defense to liability, but "immunity from suit." Hunter v. Bryant, 502 U.S. 224, 227 (1991); Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). To gain the protection of the doctrine, the defendant must show either (1) that the plaintiff has not demonstrated "a deprivation of an actual constitutional right" or (2) that the right at issue was not "clearly established at the time of the alleged violation." Conn v. Gabbert, 526 U.S. 286, 290 (1999); see Kopec v. Tate, 361 F.3d 772, 775-76 (3d Cir. 2004).

In the instant matter, the complaint sets forth claims pursuant to § 1983

against DGS,[7] Quill, Wagner, and Shaffer.[8]  As to defendants Quill and Wagner, the

complaint alleges that they arrested Urrutia without probable cause, and that

their actions were motivated by Urrutia's race.  These allegations, if proven, are

sufficient for a finding that defendants violated Urrutia's Fourth Amendment right

to be free from unlawful seizures, and Fourteenth Amendment right to equal

protection.  See United States v. Ritter, 416 F.3d 256, 261-62 (3d Cir. 2005) (outlining

---

[7] The Department of General Services is an arm of the Commonwealth of Pennsylvania.  See PA. STAT. ANN. tit. 71, § 61.  As such, it is shielded from suit by the Eleventh Amendment.  See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) ("[N]either a State nor its officials acting in their official capacities are 'persons' [subject to claims under] § 1983."); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1983) ("[I]n the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment."); see also 1 PA. CONS. STAT. § 2310 ("[I]t is hereby declared to be the intent of the General Assembly that the Commonwealth . . . shall continue to enjoy sovereign immunity and official immunity and remain immune from suit except as the General Assembly shall specifically waive immunity."); Benn v. First Judicial Dist. of Pa., ___ F.3d ___, 2005 WL 2511451 at * 4-5 (3d Cir. 2005); Ind. Enter. Inc. v. Pittsburgh Water & Sewer Auth., 103 F.3d 1165, 1173-74 (3d Cir. 1997); Christy v. Tpk. Comm'n, 54 F.3d 1140, 1144 (3d Cir,. 1995); Bolden v. S.E. Pa. Transp. Auth., 953 F.2d 807, 813 (3d Cir. 1991).  Accordingly, defendant's motion to dismiss the claims against this defendant will be granted.

[8] State officers are not amenable to suit in their official capacity for damages under § 1983.  See Arizonans for Official English v. Arizona, 520 U.S. 43, 69 n.24 (1997).  A suit against a state officer is, in effect, a suit against the state, and hence barred by the Eleventh Amendment.  See Hafer v. Melo, 502 U.S. 21, 26 (1991).  State officers are, however, subject to § 1983 liability for damages in their personal capacities for conduct that occurred in relation to their official duties.  See Arizonans, 520 U.S. at 69 n.24; see also Hafer, 502 U.S. at 30 ("[T]he Eleventh Amendment does not erect a barrier against suits to impose individual and personal liability on state officials under § 1983.") (quotation omitted).  Plaintiff in this case is proceeding against defendants in their official and individual capacities.  (See Doc. 6 at 1).  Hence, the court will dismiss claims brought against individual defendants in their official capacities.

Fourth Amendment right); Gibson v. Superintendent of N.J. Dep't of Law & Pub.

Safety, 411 F.3d 427, 441 (3d Cir. 2005) ("[I]t has long been a well-settled principle

that the state may not selectively enforce the law against racial minorities."). As

these rights were clearly established at the time of the incident in question,

qualified immunity will not shield defendants from these claims.

### B.    Other Claims

The complaint also sets forth claims for "malice," "gross negligence," and

"official oppression." However, these claims are not well-pleaded and it is unclear

whether they are brought pursuant to state or federal law. For example, "malice"

may be intended as a claim for malicious prosecution, but the court cannot discern

whether it is offered under Pennsylvania law or under § 1983.[9]  "Malice" may also

---

[9] Under Pennsylvania law, a claim of malicious prosecution requires a
plaintiff to demonstrate that: (1) the defendants initiated a criminal proceeding; (2)
the proceeding ended in the plaintiff's favor; (3) the proceeding was initiated
without probable cause; and (4) the defendant acted maliciously or for a purpose
other than bringing the plaintiff to justice. See Donahue v. Gavin, 280 F.3d 371 (3d
Cir. 2002). A claim of malicious prosecution brought under § 1983 requires as a fifth
element that the plaintiff have suffered the deprivation of a liberty interest
consistent with a Fourth Amendment seizure. See DiBella v. Borough of
Beachwood, 407 F.3d 599, 601 (3d Cir. 2005); Merkle v. Upper Dublin Sch. Dist., 211
F.3d 782, 791-93 (3d Cir. 2000). The complaint in this case does not sufficiently
articulate facts that would allow the court to identify an alleged Fourth
Amendment violation. See Torres v. McLaughlin, 163 F.3d 169, 174 (3d Citr. 1998)
(""[T]he limits of Fourth Amendment protection relate to the boundary between
arrest and pretrial detention . . . . the Fourth Amendment . . . appl[ies] to those
actions which occur between arrest and pre-trial detention."); see also Shelley v.
Wilson, No. 05-1907, 2005 WL 2596872, at * 1 (3d Cir. Oct. 14, 2005).

be intended as a state tort or § 1983 claim of false arrest or false imprisonment.[10]

Similarly, "gross negligence" sounds in tort,[11] but may be construed as a § 1983

failure to train claim.  See City of Canton v. Harris, 489 U.S. 378, 388 (1989); Monnel

v. Dep't of Soc. Servs., 436 U.S. 658, 691-94 (1978).  And "official oppression" is a

criminal offense under Pennsylvania law,[12] but it may be intended as a claim for

conspiracy to violate Urrutia's civil rights.  See 42 U.S.C. § 1985; see also Lake v.

Arnold, 112 F.3d 682, 685 (3d Cir. 1997).

Because the court cannot discern under what theories Urrutia brings his

"malice," "gross negligence," and "official oppression" claims, they will be

dismissed without prejudice to Urrutia's right to file an amended complaint

sufficiently articulating the theories and facts underlying these causes of action.

---

[10]  See Montgomery v. De Simone, 159 F.3d 120, 126 (3d Cir. 1998) (discussing differences between malicious prosecution, false arrest, and false imprisonment); Hileman v. Knable, 391 F.2d 596, 597-98 (3d Cir. 1968) (same); see also Gagliardi v. Lynn, 285 A.2d 109, 111 n.2 (Pa. 1971) (discussing elements of tort of false imprisonment); McGriff v. Vidovich, 699 A.2d 797, 798-99 (Pa. Commw. Ct. 1997) (discussing elements of tort of false arrest); but see Osgood v. Borough of Shamokin Dam, 420 A.2d 613 (Pa. Super. Ct. 1980) (noting that there may exist situations where false arrest and false imprisonment claims overlap and should be dismissed as duplicative); Carpeneter v. Dizio, 506 F.Supp. 1117 (E.D. Pa. 1981) (same).

[11]  See Bloom v. Dubois Reg'l Med. Ctr., 597 A.2d 671, 674-75 (Pa. Super. Ct. 1991).

[12]  See 18 PA. CON. STAT. § 5301; D'Errico v. DeFazie, 763 A.2d 424 (Pa. Super. Ct. 2000); Ferber v. City of Philadelphia, 661 A.2d 470 (Pa. Commw. Ct. 1995).  The Eleventh Amendment would prohibit the court from addressing this claim.  See Pennhurst, 465 U.S. at 106 ("[I]t is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law.  Such a result conflicts directly with the principles of federalism that underlie the Eleventh Amendment.").

**IV.** **Conclusion**

The Commonwealth of Pennsylvania's Department of General Services is immune from suit under the Eleventh Amendment, and defendants' motion to dismiss all claims against this defendant will be granted.  Plaintiff concedes that Title VII has no bearing on the facts of this case.  Hence, defendants' motion to dismiss will also be granted with respect to this claim.  Finally, because the theories and circumstances underlying plaintiff's "malice," "gross negligence," and "official oppression" claims are unclear, these claims will be dismissed with leave to amend.  The motion to dismiss will otherwise be denied.

An appropriate order will issue.

          S/ Christopher C. Conner    
          CHRISTOPHER C. CONNER
          United States District Judge

Dated:      October 17, 2005

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SAVADORE URRUTIA, JR.,** | : | **CIVIL ACTION NO. 1:05-CV-0259** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **DIANE QUILL, et al.,** | : | |
| | : | |
| **Defendants** | : | |

**ORDER**

AND NOW, this 17th day of October, 2005, upon consideration of defendants'

motion to dismiss (Doc. 9), and for the reasons set forth in the accompanying

memorandum, it is hereby ORDERED that:

1.   The motion to dismiss (Doc. 9) is GRANTED with respect to all claims against defendant Commonwealth of Pennsylvania Department of General Services, with respect to plaintiff's claims under Title VII, with respect to claims against the individual defendants in their "official" capacities, and with respect to plaintiff's claims for "malice," "gross negligence," and "official oppression."

2.   Plaintiff shall be permitted to file, on or before November 4, 2005, an amended complaint setting forth with specificity the legal theories and facts supporting any claims for "malice," "gross negligence," or "official oppression," or requests for injunctive or declaratory relief.

3.   The motion to dismiss (Doc. 9) is otherwise DENIED.


                                         S/ Christopher C. Conner
                                        CHRISTOPHER C. CONNER
                                        United States District Judge